UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOHANNA RODRIGUEZ,

    Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOHANNA RODRIGUEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues MARRIOTT INTERNATIONAL, INC. and alleges as follows:

1. This is an action for discrimination based upon Plaintiff's national origin pursuant to the into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII")

2. Plaintiff claims damages in excess of $75,000.

3. Plaintiff is a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendants are a Florida Corporation and Florida resident authorized to conduct business in Miami Dade County, Florida, where Plaintiff worked for Defendant.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff started working for the company on February 15, 2022, as a waitress in the pool area.

6. There was a problem on or about November 15, 2022, as a result of another waitress error when entering an order into the computer system at the restaurant.

7. There were a group of five waitresses, and they were all questioned about this fact by a white American person who held a managerial position with Defendant.

8. From the first moment she entered the room, she had an aggressive and discriminatory demeanor.

9. Plaintiff is Dominican, dark-skinned, and has a thick accent when she speaks English.

10. She did not let Plaintiff explain how the events had occurred, nor did she let her explain that she had not participated in the alleged events.

11. Plaintiff had been working for the company for seven years and at this hotel for one year, and she never had any warning or was subjected to any disciplinary action.

12. Plaintiff made an effort to explain to this person (white and American) that all the waitresses shared the ordering cards.

13. She did not let Plaintiff defend herself, and the only thing she told Plaintiff was that she did not understand her English.

14. Plaintiff asked her to bring someone bilingual, and she refused.

15. That same day, Plaintiff was terminated.

16. Plaintiff later learned that of the five waitresses, only two were not terminated; both were American, and they spoke English.

17. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of national origin, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

18. Plaintiff received a right-to-sue notice finding reasonable cause from the EEOC and Florida Commision fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

19. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

20. Plaintiff used to work 40 hours per week.

21. The employer made her clock out for her 30 minutes lunch break, but she still had to work.

22. For that reason, between October 1, 2021 and November 15, 2022, she did 2.5 overtime hours per week.

23. Furthermore, the employer didn't pay her the tips she earned on November 2, 2022 that was approximately $280.00.

## COUNT I
### *National Origin Discrimination in Violation of Title VII*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under Title VII.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on National Origin.

27. Such discrimination was based upon the Plaintiff's National Origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was born in Dominican Republic.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the

basis of National Origin was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices

     described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation against MARRIOTT INTERNATIONAL, INC.*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

32. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each

week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 27, 2024

Respectfully submitted.
Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000